**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1536-16T2

WILLIAM HANCE,

    Respondent,

v.

TOWNSHIP OF MONTVILLE,

    Appellant.

_____

        Argued May 1, 2018 — Decided September 5, 2018

        Before Judges Mawla and DeAlmeida.

        On appeal from the New Jersey Civil Service
        Commission, Docket No. 2015-2332.

        Adam S. Abramson-Schneider argued the cause
        for appellant (Cleary Giacobbe Alfieri Jacobs,
        LLC, attorneys; Matthew J. Giacobbe, of
        counsel; Adam S. Abramson-Schneider, on the
        brief).

        Joel M. Bacher argued the cause for respondent
        (Joel M. Bacher and Timothy J. Foley, on the
        brief).

PER CURIAM

    Montville Township (Township) appeals from a decision of the
Civil Service Commission (Commission) dismissing several
disciplinary charges against its employee William Hance, as well

as the discipline the Commission imposed on Hance on the single charge it sustained, and the award of attorney's fees and costs against the Township.  We affirm.

I.

The following facts are taken from the record.  In 2014, Hance had been a civil-service employee for twenty-four years, the last nineteen of which as a truck driver in the Township Department of Public Works (DPW).  In that position, Hance patched potholes, cut grass, dragged and groomed ballfields, and picked up garbage. He was scheduled to work Monday through Friday, from 7:00 a.m. until 3:30 p.m.  His workday included one thirty-minute lunch break and two fifteen-minute coffee breaks.

Hance testified that public works employees were expected to work eight hours a day, but were only assigned six hours of work per day.  According to Hance, employees were expected to fill their remaining workday with extended breaks.  He testified that he always completed the jobs he was assigned, and then drove around town to fill the remainder of his time.

During 2014, John Perry became the Township's Director of Public Works and Water and Sewer Utilities.  Perry received reports of DPW employees taking extended breaks.  He held an October 22, 2014 meeting during which he informed employees of the complaints he had received, reminded them about the Township's break policy,

and warned them that they would be disciplined if caught violating the policy.

Hance was at the meeting and understood Perry's instructions. However, he continued to take extended breaks as he had in the past. Perry documented what he alleged were extended breaks taken by Hance on sixteen days between November 7 and December 23, 2014, by cross-referencing GPS data tracking the movements of the Township trucks Hance was assigned to drive with Hance's log sheets. Hance denied that he took the specific breaks on the specific days alleged by Perry, but acknowledged taking extended breaks.

On December 26, 2014, the Township served Hance with a Preliminary Notice of Disciplinary Action charging him with: (1) incompetency, inefficiency, or failure to perform duties, N.J.A.C. 4A:2-2.3(a)(1); (2) chronic or excessive absenteeism or lateness, N.J.A.C. 4A:2-2.3(a)(4); (3) conduct unbecoming a public employee, N.J.A.C. 4A:2-2.3(a)(6); and (4) neglect of duty, N.J.A.C. 4A:2-2.3(a)(7). Hance requested a departmental hearing.

After the departmental hearing, the Township sustained all charges against Hance. On January 5, 2015, the Township issued Hance a Final Notice of Disciplinary Action (FNDA) terminating his employment effective immediately. On January 21, 2015, Hance appealed the FNDA to the Commission.

On February 20, 2015, the Commission transmitted the matter to the Office of Administrative Law for a hearing. An Administrative Law Judge (ALJ) held a hearing on April 21, 2016. In an August 31, 2016 written decision, the ALJ sustained only the charge of conduct unbecoming a public employee. Although noting that Hance disputed the specific times and dates of the alleged extended breaks, the ALJ found

> [w]hether or not Hance took these specific breaks in these exact amounts is academic, because the fact remains that Hance admitted that he spent approximately two hours per day on break, some of it outside Montville, and it is this admission for which Hance will be disciplined.

Notably, the ALJ concluded that the record contained no evidence that Hance ever failed to complete tasks assigned to him each day, or that additional tasks would have been assigned to him if he had reported that he had completed his work rather than taking extended breaks to fill the remainder of his time. The ALJ dismissed the remaining charges, finding that the Township did not meet its evidentiary burden on those allegations.

On the single charge sustained at the hearing, the ALJ determined that Hance should be suspended for fifteen days without pay. He reasoned that termination was inappropriate because Hance had no prior disciplinary record, and his conduct did not concern public safety or cause a risk of harm to persons or property.

Furthermore, the ALJ found that two other DPW employees who violated the Township's break policy were suspended for fifteen days without pay. Finally, the ALJ ordered the Township to pay Hance's attorney's fees and costs on the dismissed charges.

The Township filed exceptions with the Commission pursuant to N.J.S.A. 52:14B-10. The Township disputed the ALJ's determination that the record did not support the dismissed charges. In addition, the Township challenged the adequacy of the discipline recommended on the single sustained charge, argued that the ALJ improperly relied on discipline imposed on other employees, and awarded Hance attorney's fees and costs in contravention of Commission regulations.

The statutory deadline for the Commission to issue its final decision initially was October 15, 2016. The Commission secured an extension of that deadline to November 29, 2016. Because one of the three Commission members was recused from hearing this matter, the Commission lacked a quorum to decide the Township's exceptions. See N.J.S.A. 11A:2-3. Although the Commission sought the consent of the parties to secure a second forty-five-day extension pursuant to N.J.S.A. 52:14B-10(c), Hance did not consent to the second extension. Therefore, under N.J.S.A. 52:14B-10(c), the ALJ's decision was deemed adopted by the Commission. This appeal followed.

Typically, where an agency issues a final decision, our review is limited. Lavezzi v. State, 219 N.J. 163, 172 (2014). We will not disturb the final determination of an agency unless shown that it was "arbitrary, capricious or unreasonable, or it is not supported by substantial credible evidence in the record as a whole." Id. at 171 (citing Prado v. State, 186 N.J. 413, 427 (2006)). This highly deferential standard reflects the Commission's expertise in administering its legislative authority. In re Stallworth, 208 N.J. 182, 194 (2011).

Recently, we held that where the decision under review was not independently issued by the Commission, but "deemed adopted" by operation of N.J.S.A. 52:14B-10(c), it "should not be reviewed deferentially." In re Hendrickson, 451 N.J. Super. 262, 273 (App. Div.), certif. granted, 231 N.J. 143 (2017). Instead, "the familiar standard of review for bench trials" will apply. Ibid. "The ALJ's factual findings will be affirmed to the extent they are supported by substantial credible evidence in the record. No deference will be accorded to h[is] legal conclusions; they will be reviewed de novo." Ibid. (citing Zaman v. Felton, 219 N.J. 199, 215-16 (2014)). The Township has the burden of proof, N.J.S.A. 11A:2-21 and N.J.A.C. 4A:2-1.4, and must establish the

truth of the charges by a preponderance of the evidence.  In re Polk, 90 N.J. 550, 560 (1982).

After a careful review of the record and applicable legal precedents we conclude that the record contains substantial credible evidence to support the ALJ's findings of fact and conclusions of law.  It is undisputed that Hance took longer breaks than permitted by Township policy.  In addition, there is ample evidence in the record supporting the finding that during the excessive breaks Hance left the Township in violation of its policy.  These findings support the ALJ's conclusion that Hance engaged in conduct unbecoming a public employee.

We disagree with the Township's argument that the ALJ erred by not concluding that Hance engaged in chronic or excessive absenteeism or lateness, N.J.A.C. 4A:2-2.3(a)(4).  Absenteeism does not apply here, as there is no allegation or evidence in the record that Hance failed to report to work on any date.  Nor is there any evidence that Hance ever arrived to work after his scheduled start time, obviating a charge of chronic lateness.  We are not convinced that excessive breaks amount to either an absence from work or a late return to work within the meaning of N.J.A.C. 4A:2-2.3(a)(4).

Similarly, we reject the Township's argument that the ALJ erred by not concluding that Hance neglected his duties pursuant

to N.J.A.C. 4A:2-2.3(a)(7). There is substantial credible evidence in the record supporting the ALJ's conclusion that Hance performed the tasks assigned to him each day of work. The Township did not produce evidence that Hance had a duty to inform his supervisor that he had time to complete additional assignments. To the contrary, the ALJ found that for many years a lack of work at the DPW resulted in employees, including Hance, being assigned six hours of work for eight-hour days.

We also find that the ALJ properly considered Hance's prior disciplinary record, the severity of the offense, and the public interest when determining the sanction imposed. Under the well-established concept of progressive discipline, an employee's first infraction that does not threaten public safety, endanger persons or property, constitute severe misconduct, or render the employee unsuitable to continue in his position, will rarely support termination. In re Herrmann, 192 N.J. 19, 33 (2007). The fifteen-day suspension without pay imposed here is not "so disproportionate to the offense, in the light of all of the circumstances, as to be shocking to one's sense of fairness." Stallworth, 208 N.J. at 195 (quoting In re Carter, 191 N.J. 474, 484-85 (2007)). To the contrary, the sanction is an appropriate and measured response to Hance's infraction.

A-1536-16T2

Finally, we find no abuse of discretion in the ALJ's award of attorney's fees and costs to Hance, who prevailed on most of the charges brought by the Township, and retained his employment despite the Township's attempt to secure his termination.  See N.J.A.C. 4A2-1.5(b).

We have considered the other arguments raised on appeal, and conclude they lack sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(1)(E).[1]

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[1] Having determined that the ALJ's determination satisfies the less deferential standard applicable under Hendrickson, we need not address Hance's argument that the holding in Hendrickson should not be applied retroactively to this appeal.